UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>SELENA ARMAS,<br><br>    Defendant. | Case No. 15-cv-03704-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STAY**<br><br>Re: Dkt. No. 15, 17 |

## INTRODUCTION

Defendant Selena Armas moves to dismiss plaintiff JP Morgan Chase Bank, N.A.'s ("Chase") complaint because *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425 (9th Cir. 2015) forecloses Chase's ability to state a claim. Chase opposes on the theory that *Sakkab* was wrongly decided and instead seeks a stay pending a rehearing of *Sakkab* and a subsequent change in law. While a petition for rehearing and en banc review has been filed, it has not been answered yet, let alone accepted. And there is a state court case pending between Armas and Chase that arises from the same facts as Chase's complaint here. Because current case law dictates the dismissal of Chase's complaint, and Chase has not adequately substantiated the need for a stay, I GRANT Armas's motion to dismiss and DENY Chase's motion for a stay.

## BACKGROUND

Armas, a former Chase Assistant Branch Manager, signed a "Binding Arbitration Agreement" ("BAA") on or about May 1, 2013.[1] Comp. ¶12 [Dkt. No. 1]. The BAA agreement requires parties to arbitrate all covered claims through binding arbitration. *Id*. ¶¶13-17. Covered claims include all "legally protected employment-related claims" as well as "violations of any

---

[1] The complaint asserts the BAA was attached as an exhibit to the complaint however, no such exhibit was attached.

1  common law, federal, state or local statute" and the right to "submit, initiate, or participated in a
2  representative capacity or as a plaintiff, claim or member in a class action, collective action, or
3  other representative or joint action" *Id.* ¶¶ 17-19.

4        In early January 2015, Armas filed a putative class action complaint in San Francisco
5  Superior Court, alleging misclassification and other California Labor Code violations. *Id.* ¶20.
6  The action was removed to federal court a month later. *Id.* ¶21. A few days after removal, Chase
7  received a copy of Armas's amended complaint, which added a representative Private Attorney
8  Generals Act of 2004 ("PAGA") claim. *Id.* ¶22. The parties agreed that Chase would answer the
9  amended complaint in federal court. *Id.* ¶23. In March 2015, Armas's attorney sent an email to
10 Chase's counsel communicating Armas's intention to dismiss the case and move to individual
11 arbitration. *Id.* ¶24. On March 30, 2015, counsel filed a stipulation of dismissal and the case was
12 dismissed shortly thereafter. *Id.* ¶¶24-25.

13       Approximately two weeks later, Armas filed a representative action lawsuit under PAGA
14 with the San Francisco County Superior court seeking civil penalties for various California Labor
15 Code violations stemming from Chase's misclassification of Armas and other Assistant Branch
16 Managers. *Id.* ¶ 26. She also commenced individual arbitration proceedings before the American
17 Arbitration Association concerning allegations in her original complaint. *Id.* ¶ 32. On July 28,
18 2015, Chase filed a counterclaim in the arbitration regarding Armas's purported breach of the
19 BAA claiming that she has refused to arbitrate all of her claims pursuant to the BAA. *Id*.

20       On August 13, 2015, Chase filed this lawsuit alleging (1) a claim in equity that the Federal
21 Arbitration Act ("FAA") preempts PAGA, California public policy, and the rule announced in
22 *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014) *cert. denied*, 135 S. Ct.
23 1155 (2015); (2) a claim for declaratory relief that Armas's representative action is unenforceable
24 under the FAA; and (3) a claim under 42 U.S.C. § 1983 that Armas's representative action
25 deprives Chase of its federally protected rights under FAA and the Supremacy Clause of the
26 United States Constitution. I heard arguments on the motions to dismiss and to stay on December
27 3, 2015.

# LEGAL STANDARDS

## I. MOTION TO DISMISS

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. MOTION TO STAY

"A stay is not a matter of right, even if irreparable injury might otherwise result[, but] is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citations and internal quotation marks omitted). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id*. The determination whether to issue a stay is governed by the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Id*. at 434.

## DISCUSSION

### I.     FAILURE TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Chase alleges that Armas, "by refusing to arbitrate all of her claims on an individual basis, has deprived [it] of its federal rights under the FAA and the Supremacy Clause." Comp. ¶59. This claim under Section 1983 relies on the proposition that the FAA preempts PAGA actions and the underlying California public policies that allow representative actions to proceed despite binding arbitration agreements. Chase's legal theory has been rejected by the California Supreme Court and the Ninth Circuit. *See Iskanian,* 59 Cal. 4th at 383; *Sakkab*, 803 F.3d at 430-33.

In *Iskanian*, the California Supreme Court ruled that employment agreements that "requir[e] employees to waive the right to bring a PAGA action before any dispute arises" are "contrary to public policy" and therefore unenforceable. 59 Cal. 4th at 383. The PAGA statute was enacted to allow individuals to enforce state labor laws traditionally prosecuted by the state. *Id*. at 388. As the court reasoned, a "PAGA action is a dispute between an employer and the state Labor and Workforce Development Agency." *Id*. at 384. By contrast, the *Iskanian* court observed that the FAA is a statute that focuses on private disputes, noting that the United States Supreme Court's FAA jurisprudence, with one exception, "consists entirely of disputes involving the parties' *own* rights and obligations, not the rights of a public enforcement agency." *Id*. at 385 (emphasis in original). As such, "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship." *Id*. at 386. The *Iskanian* decision expressed no preference regarding whether individual PAGA claims are litigated or arbitrated, but only that they cannot be waived outright. *Id*. at 384.

Following the California Supreme Court's ruling, judges in this district split on whether to follow *Iskanian*. *See, e.g. Nanavati v. Adecco USA, Inc*., 99 F. Supp. 3d 1072, 1081 (N.D. Cal. 2015) (declining to follow *Iskanian*); *Estrada v. CleanNet USA, Inc*., No. 14-cv-01785-JSW, 2015 WL 833701, at \*5 (N.D. Cal. Feb. 24, 2015)(same); *Mill v. Kmart Corp*., No. 14-cv-02749-KAW, 2014 WL 6706017, at \*6-7 (N.D. Cal. Nov. 26, 2014)(same). *But see Mohamed v. Uber Technologies, Inc*., No. 14-cv-5200-EMC, 2015 WL 3749716, at \*23 (N.D. Cal. June 9, 2015)

4

(finding that the *Iskanian* rule is not preempted by the FAA); *Zenelaj v. Handybook Inc.*, 82 F. Supp. 3d 968, 977-78 (N.D. Cal. 2015)(same); *Cox v. Aero Automatic Sprinkler Co.,* No. 14-cv-02723-EJD, 2015 WL 3658031, at *3 n.23 (N.D. Cal. June 12, 2015)(same). But in *Sakkab*, the Ninth Circuit resolved any lingering doubt and held that the FAA does not preempt the *Iskanian* rule. *Sakkab*, 803 F.3d at 439.

The *Sakkab* court considered several arguments regarding the scope of the FAA and the meaning of the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)(hereinafter "*Concepcion*"). *Id.* at 427. It concluded that pre-dispute agreements to waive PAGA claims or to bring representative actions are unenforceable under California law. *Id.* at 430-31. Consistent with *Iskanian*, the court recognized that "agreements requiring the waiver of PAGA rights would harm the state's interest in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." *Id*. at 431 (citing *Iskanian*, 59 Cal. 4th. at 383). The *Sakkab* court went on to hold that "[a]fter considering the objectives of the FAA, we conclude that the *Iskanian* rule does not conflict with those objectives and is not impliedly preempted." *Id*. at 433. Analogizing representative PAGA claims to qui tam actions, the court found that "[t]he FAA was not intended to preclude states from authorizing qui tam actions to enforce state law. Nor, we think, was it intended to require courts to enforce agreements that severely limit the right to recover penalties for violations that did not directly harm the party bringing the action." *Id*. at 440.

The *Sakkab* court did not "read *Concepcion* to require the enforcement of all waivers of representative claim in arbitration." *Sakkab*, 803 F.3d at 436. While acknowledging the concerns articulated in *Concepcion* with regard to class arbitration, such as the potential for claim aggregation and increased damages, it did not find that "the FAA preempts the *Iskanian* rule just because the amount of civil penalties the PAGA authorizes could make arbitration a less attractive method than litigation for resolving representative PAGA claims" or that "the FAA require[s] courts to enforce a provision limiting a party's ability in such an action." *Id*. at 437. "Instead, *Concepcion* requires [the court] to examine whether the waived claims mandate procedures that interfere with arbitration, as the class claims in *Concepcion* did. Here, [PAGA claims] do not."

5

*Id*. at 436-37.

Chase's opposition hinges on the belief that *Sakkab* misapplied *Concepcion* . Opp. at 7-9 [Dkt. No. 16]. It asserts that the *Sakkab* dissent "correctly criticized the majority's rationale" and that because the defendant-appellee has filed a petition for rehearing en banc, the Ninth Circuit is likely to overturn its previous ruling. Opp. at 7; *see also Sakkab v. Luxottica Retail N. Am., Inc*., No. 13-55184 (November 11, 2015 appellee Luxottica Retail North America, Inc.'s petition for rehearing en banc). Its arguments are speculative at best. There is no evidence that the petition will be granted or that en banc review will lead to a different outcome.

Chase's dissatisfaction with controlling circuit precedent and desire to see it changed is an insufficient basis to support a claim under 42 U.S.C. § 1983. This claim is DISMISSED.

## II.   DECLARATORY RELIEF AND CLAIM IN EQUITY

Chase's remaining two claims are pleaded as a claim in equity and a claim for declaratory relief. Comp. ¶¶40-53. Both are based on the assertion that "[t]he FAA preempts PAGA/and or California public policy insofar as PAGA and/or California public policy purports to allow Armas to breach the representative actin waiver in the BAA." *Id*. ¶¶42, 50. Because these claims rely on the same arguments I analyzed regarding Chase's Section 1983 claim, specifically that the FAA preempts representative action waivers, these claims fail for similar reasons. *See, e.g., Tech. & Intellectual Prop. Strategies Grp. PC v. Fthenakis,* No. 11-cv-2373-MEJ, 2011 WL 3501690, at *10 (N.D. Cal. Aug. 10, 2011)(dismissing the declaratory relief as duplicative because the "requested declarations are wholly dependent on the Court's findings on his substantive claims"); *Jackson v. Atl. Sav. of Am.*, No. 13-cv-05755-CW, 2014 WL 4802879, at *3-4 (N.D. Cal. Sept. 26, 2014) (dismissing the plaintiff's declaratory relief cause of action on the ground that it was "based on the same facts alleged to support her other causes of action" and "fail[ed] for the same reasons").

Additionally, I am not convinced that these claims belong in federal court when there is an existing action on the same subject in the California Superior Court for the City and County of San Francisco. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

6

jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "[A]t least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Id*. at 283 (internal quotation marks, citations, and modifications omitted). When such a case is presented to the district court, "it should ascertain whether the questions in controversy between the parties to the federal suit… can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 495 (1942). Specifically, a district court should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998). Because Chase's declaratory relief claim would affect the underlying state lawsuit between Armas and Chase, Armas argues that *Brillhart* counsels against proceeding on these claims here. For the reasons explained below, on this record I agree.[2]

### A. Needless Determinations of State Law Issues

The allegations in this case involve issues of California law, specifically whether California public policy and PAGA action waivers are preempted by the FAA. Here, Chase provides no reason why the San Francisco Superior Court is unable to address these issues. Indeed, Armas points to Chase's Fourth Affirmative Defense in the state lawsuit where Chase asserts that Armas's PAGA action is barred by the BAA.[3] Dkt. No. 19-1. By doing so, Chase has introduced into the state case questions regarding the scope and enforceability of the arbitration agreement with respect to the PAGA waiver. Chase has not demonstrated why this court is better

---

[2] Because the allegations pled in the claim in equity are materially indistinguishable from those pled in the declaratory relief claim, the claim in equity does not exist "independent" of the declaratory relief and I exercise my discretion to decline jurisdiction for the same reasons. *See Snodgrass v. Provident Life & Acc. Ins. Co*., 147 F.3d 1163, 1167-68 (9th Cir. 1998) ("The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief.")

[3] Armas's request for judicial notice of Chase's answer to Armas's unverified complaint filed in San Francisco Superior Court is GRANTED. Dkt. No. 19.

1   equipped to answer these questions than the San Francisco Superior Court and I am not inclined to
2   needlessly interfere.

### B.  Forum Shopping

The second *Brillhart* factor "is understood to favor discouraging [a party] from forum shopping, i.e., filing a federal court declaratory action to see if it might fare better in federal court at the same time [a party] is engaged in a state court action." *American Cas. Co. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). "[F]ederal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. Typically, "reactive declaratory judgment actions" occur when a party sues in federal court to determine its liability after the commencement of a state court action. *See Id*. For example, the Ninth Circuit held that when an insurer filed a declaratory judgment action in federal court "during the pendency of a non-removable state court action presenting the same issues of state law," and the insurer did so merely to obtain "a tactical advantage from litigating in a federal forum," the "defensive or reactive" nature of the insurer's action warranted dismissal. *Cont'l Cas. Co. v. Robsac Indus*., 947 F.2d 1367, 1371-72 (9th Cir. 1991) *overruled on other grounds by Dizol*, 133 F.3d at 1227.

Armas argues that "[d]espite a pending arbitration (in which, Chase has asserted a counterclaim for breach of the BAA), and a state court action (which is the subject of this claim for declaratory relief), Chase filed this action solely in an attempt to reach more favorable federal courts" and constitutes a "blatant attempt to forum shop." Mot. at 9 [Dkt No. 15]. Because the first lawsuit had been properly removed to district court before dismissal, Chase responds that it is simply bringing these claims in the same forum where the action was originally pending. Opp. at 13. But the first lawsuit was dismissed by joint stipulation and removal is unavailable in the second (state) case because it is based on a different set of claims than the first. This case appears to be a reactive lawsuit. Federalism and forum shopping considerations weigh against allowing Chase to proceed in federal court simply because it had previously removed a separate, albeit

related, case to this district.[4]

### C. Duplicative Litigation

The third *Brillhart* factor seeks to avoid duplicative litigation. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. While "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief," a parallel state court proceeding "involving the same issues and parties pending at the time the federal declaratory action is filed" creates a presumption that the entire dispute should be heard in state court. *Dizol*, 133 F.3d at 1225. Chase argues that this factor is not met because the present action consists of a Section 1983 claim, a claim in equity, and a claim for declaratory relief, whereas the case pending the San Francisco Superior Court involves only state law allegations. Opp. at 12-13. However, "[t]he Ninth Circuit construes 'parallel actions' liberally, … [i]t is enough that the state proceedings arise from the same factual circumstances." *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1037 (D. Haw. 2008) (internal citations and quotation marks omitted). Here, the case arises from the same factual circumstances, involves the same parties, and similar issues.

In light of the above considerations, I find that judicial efficiency and fairness would not be served by allowing this case to proceed in parallel with the litigation in the San Francisco Superior Court. *Wilton*, 515 U.S. at 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."). Chase's claim in equity and declaratory relief claim are DISMISSED.

### III. MOTION FOR A STAY

Chase moves to stay this action pending further review of *Sakkab*. It argues that the "orderly course of justice" favors a stay and contends it would suffer "severe prejudice" if the

---

[4] Additionally, during the hearing, Chase repeatedly asserted its "right" to bring its claims in federal court. It has not been prevented from doing so. The question that I decide is whether there is any merit in allowing it to remain here.

action proceeds because "the Ninth Circuit is likely to soon review the dispositive *Luxottica* case that [Chase] urges this Court to follow." Mot. to Stay at 4-5 [Dkt. No. 17].

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). However, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

Given that I am dismissing Chase's complaint, its request for a stay is moot. As stated above, there is no certainty that the Ninth Circuit will grant the petition for rehearing or that the ultimate issue will be decided within a reasonable time. Meanwhile, the pre-existing state court case and arbitration are pending and the California Supreme Court has spoken on the substantive legal issue. Chase is really asking me to interfere with the state court and arbitration proceedings, which seems both prejudicial to Armas and inappropriate for the reasons discussed with respect to the *Brillhart* factors. Chase's motion for a stay is DENIED.

## CONCLUSION

For the foregoing reasons, Armas's motion to dismiss is GRANTED with leave to amend. Chase's motion to stay is DENIED. Chase may amend its complaint within 30 days of the date of this Order.

**IT IS SO ORDERED**.

Dated: December 8, 2015



WILLIAM H. ORRICK
United States District Judge